Deaderick, J.,
delivered the opinion of the Court.
The plaintiff recovered against the defendant, as executor of John Maloy, and one Wm. R. ISTeilson, his principal, a judgment in the Circuit Court of Cocke county, upon which an ' execution was issued to the Sheriff of Greene county, and by him levied upon a tract of land in said county, as the property of the defendant, Wm. R. Neilson. The land was duly sold, and purchased by the plaintiff’s agent for $50. Afterwards, and within twenty days of the day of sale, the plaintiff advanced his bid, in legal form, to $1,000, which was a satisfaction of part only of his judgment. Plaintiff credited upon said judgment the amount of his raised bid.
*404 The judgment was obtained, 1st of August, I860; the land was sold in July, 1865.
On the 26th of February, 1868, the plaintiff caused a scire facias to issue, to vacate satisfaction of the judgment, the service of which was acknowledged by defendant, John D. Smith, the executor of Maloy, on the 7th of March, 1868.
A counterpart scire facias was issued to Greene county, and was made known to ¥m. K. Neilson, the other defendant, March 11, 1868, by the Sheriff of said county.
Upon return of the writs, the defendant, Smith, demurred upon two grounds:
1. Because the scire facias does not allege that the land sold and bought by the plaintiff in part satisfaction of his judgment, has been recovered from him by the defendant in the execution, or by any third party.
2. Because it is not alleged that the land so sold and bought'. belonged to the defendant, Smith.
The demurrer was sustained by the Circuit Judge.
The scire facias recites the recovery of the judgment, the sale and purchase of the land, and the crediting of plaintiff’s judgment, and proceeds in these words: “And whereas, it is alleged by the plaintiff that the lands so levied upon and purchased were and are held by prior and superior levies and liens of attachment and executions at the suit of Wm. C. Scruggs; and that he, plaintiff, takes nothing by his said purchases,” &c.
It is insisted by plaintiff that these facts entitle him to have the part satisfaction of his judgment set aside, and to *405 have the same revived for the whole amount tinder the provisions of the Code, 2990; and that there was error in the Court below in sustaining the demurrer to the scire facias.
The Code, 2990, provides, that “in all cases where execution from a court of record or Justice of the Peace, is returned satisfied in whole or in part, by the sale of property, real or personal, taken as the property of the defendant, and afterwards, the property, or its valúe, or any part of it, is recovered by some third person, by suit against the plaintiff, or the officer making the levy or sale, the plaintiff may have the satisfation set aside, and the judgment or decree revived scire facias.”
The case of Edde v. Cowan, 1 Sneed, 290, is cited by plaintiff’s counsel as sustaining this proceeding.
That case Avas governed by the provisions of the Act passed February 3d, 1848, which is identical with' the Code, 2990, except that the Act of 1848 used the term “property,” without qualification or words of limitation, and the Code uses the language “property, real or personal.”
The question made in the case referred to, in 1 Sneed, 295, was that the Act of 1847-8, did not authorize the setting aside of a sale of real estate, but applied only to personal property; and the Court held that the Act included both real and personal property, and say: “We have no doubt it was the intention of the Legislature to allow the satisfaction of the judgment to be set aside, and the judgment revised whenever it turned out that the creditor got nothing by the sale on account of the failure of title of the debtor to the property sold, whether real or personal. The facts *406 in the ease of Edde v. Cowan, were, that Cowan obtained judgment against Edde, and sold his land for its satisfaction. He brought an action of ejectment against the tenant in possession, and failed to recover, because the title was not in Edde at the time of the sale.
While the suit was not in that case, technically against the plaintiff, yet it was held, properly we think, that in the action of ejectment in which the right or title to the land is tried, a third person may be said to have recovered the land against the plaintiff, after the same had been sold for the satisfaction of plaintiff's judgment.
But in this case, no one has instituted suit against the plaintiff, since he obtained his judgment, nor has he tested the validity of his title to the land, by bringing suit for it, so that the land has not been recovered from him since his purchase; and the Code, 2990, gives the remedy sought to be used in this case, only where the property sold, or its value, is recovered by some third person, by suit brought against the plaintiff, after the satisfaction in whole or in part of his execution.
We do not think such remedy can be used, unless it has been ascertained in another proceeding instituted by or against the plaintiff, by a competent tribunal, that the creditor got nothing by the sale, on account of the failure of the title of the debtor to the property sold. We can not undertake in this case, to determine whether there are prior liens or attachments or executions subsisting upon said lands, which would defeat the plaintiff's title acquired by his purchase. The failure of the title acquired by purchase, by the plaintiff, it is manifest *407 from the statute, should he judicially ascertained in a suit brought for that purpose, before he is entitled under the scire faoicts to have the satisfaction of the judgment set aside, and to have the same revived.
The plaintiff is not left without his remedy, but in the construction of a statute, in which the language employed is not so ambiguous as to render its meaning doubtful, we do not fell authorized to allow arguments from convenience, to influence our judgment.
For the reasons above stated, we are of opinion that the judgment of his Honor, the Circuit Judge, was correct in sustaining the demurrer, and the same is affirmed.